George GABRIEL, Dian Gabriel, James Chaplin and
Carolyn Chaplin, Plaintiffs-Appellants,†

v.

VILLAGE OF WIND POINT, Defendant-Respondent.

Court of Appeals

*No. 90-0436. Submitted on briefs June 21, 1990.—Decided
August 8, 1990.*

(Also reported in 460 N.W.2d 800.)

†Petition to review denied.

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Duane L. Arena* of *Duane L. Arena, S.C.* of Racine.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Thomas W. Tollaksen* of *Foley, Dye, Foley & Tollaksen, S.C.* of Racine; and of counsel, *John V. Casanova* of *Capwell, Berthelsen, Nolden, Casanova, Pitts & Kallenbach, Ltd.* of Racine.

Before Nettesheim, P.J., Brown and Scott, JJ.

SCOTT, J.  George and Dian Gabriel and James and Carolyn Chaplin (collectively "Gabriel") appeal from a summary judgment affirming the Village of Wind Point's granting of a conditional use permit. We reject Gabriel's argument that the village board abused its discretion by granting the permit. We therefore affirm.

The village by ordinance designated a certain natural area an Environmental Preservation Overlay District (EPOD). Wind Point, Wis., Rev. Ordinances, sec. 12.0 (1986). Mr. and Mrs. James Dickert, as buyers, and Mr. and Mrs. Charles Steeley, as sellers, sought a conditional use permit because a portion of the house Dickert intended to build would lie in the EPOD. After a hearing, the village planning committee recommended approval. The village board granted the permit, contingent upon satisfaction of fourteen stipulations aimed at preserving the environment.

Gabriel sought judicial review of the board's decision by timely filing of a complaint. Gabriel claimed that the board's action violated the intent of the EPOD ordinance. The trial court granted summary judgment in favor of the village and the board issued Dickert the conditional use permit. The house has since been built.

Gabriel now appeals, claiming that the board abused its discretion by granting the conditional use permit because allowing construction of a house on the EPOD runs contrary to the intent expressed in sec. 12.1 of the village ordinances. Gabriel asks that the village be ordered to remove the residence from the EPOD.

■■■■

We first address the standard of review. The prescribed method by which to gain judicial review of a village board's decision is by certiorari. *See* secs. 61.35, 62.23(7)(e)4, 10, Stats. A certiorari action may be com-

menced by the filing of a summons and complaint. Sec. 801.02(5), Stats.

■

Review of a case before us on certiorari is limited to whether: (1) the board kept within its jurisdiction; (2) it proceeded on a correct theory of law; (3) its action was arbitrary, oppressive or unreasonable, representing its will rather than its judgment; and (4) the evidence was such that the board might reasonably make the determination in question. *State v. Ozaukee County Bd. of Adjustment,* 152 Wis. 2d 552, 558, 449 N.W.2d 47, 49 (Ct. App. 1989). Gabriel challenges only whether the board kept within its jurisdiction and whether it acted reasonably. We conclude it did.

The relevant portions of the ordinances read:

SECTION 12.0 ENVIRONMENTAL PRESERVA-
TION OVERLAY DISTRICT—EPO

12.1  INTENT

It is intended that the Environmental Preservation Overlay District will enable and permit the preservation and protection of natural environmental conditions within the Village where such preservation or protection is considered to be beneficial to the public welfare.

12.2  USES

. . ..

Conditional Uses. Boating; drainage ways; harvesting of wildcrops . . . swimming; utilities; . . . water measurement and water control facilities [and] . . . [*a*]*ny use permitted in the underlying General Zoning District,* if such use is compatible with the intent in 12.1 in the specific circumstances of the lands and natural environmental conditions involved.

671

Wind Point, Wis., Rev. Ordinances, secs. 12.0–12.2 (1986) (emphasis added).

Under sec. 12.2, the board plainly has jurisdiction to grant conditional use permits for uses permitted by the underlying zoning, if compatible with the environmental intent. We conclude that the board kept within its jurisdiction in granting this particular permit. First, Dickert's house would have been permitted in the underlying zoning district. The underlying general zoning district is R–2. Dickert's lot size and house meet the requirements of R–2 zoning. Consequently, the house is a "use permitted in the underlying General Zoning District."

Second, Gabriel's assertion that the environmental concerns expressed in the intent section preclude the building of a house in the EPOD is without merit. *See id.* at sec. 12.1. The effect of the EPOD is not to *forbid* uses otherwise allowed in the underlying district, but to *convert* them to conditional uses. *Id.* at sec. 12.2. Here, the board conditioned the granting of the permit on Dickert's satisfaction of fourteen extensive and specific stipulations relating to such things as grading, drainage, excavation and vegetation. Dickert satisfied the conditions at a cost of about $15,000. The environmental intent was not violated.

Gabriel next contends the board acted unreasonably or arbitrarily when it granted the conditional use permit. We disagree. Before granting the permit, the board held the appropriate hearings which were well-attended by interested citizens. It conferred with the village attorney who, after reviewing the permit application, opined that the village had the legal right to grant Dickert the permit. Finally, the board conditioned the permit upon Dic-

kert's meeting the fourteen stipulations developed to protect, preserve and enhance the environment. We conclude the board acted reasonably when it granted the conditional use permit.

We also reject Gabriel's further argument that sec. 12.2 of the village ordinances "unequivocally bars" the construction of *any* private residence in the EPOD. We have already determined that sec. 12.2 permits a residence as a conditional use.

The final issue is whether the village can be ordered to demolish Dickert's house. Having decided that the board acted reasonably and within its jurisdiction, we need not consider this question.

*By the Court.*—Judgment affirmed.